UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN PACE, *et al.*,<br><br>                              Plaintiffs,<br><br>        v.<br><br>OMNI FAMILY HEALTH,<br><br>                              Defendant. | Case No. 1:24-cv-01277-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL<br><br>(Doc. 15)<br><br>**14-DAY DEADLINE** |

Pending before the Court is the unopposed motion of Plaintiff Ellen Pace and other named plaintiffs in these consolidated individual and class actions ("Plaintiffs") for appointment of interim class counsel under Federal Rule of Civil Procedure 23(g). (Doc. 15). For the reasons set forth below, the undersigned will recommend that Plaintiffs' motion be granted.

**I.      Background**

On October 20, 2024, Plaintiff Ellen Pace filed this class and collective action, individually and on behalf of all others similarly situated, asserting numerous causes of action against Omni Family Health ("Defendant") arising out of a cyberattack and data breach discovered on August 7, 2024 (the "data breach"), resulting in unauthorized disclosure of personally identifiable information ("PII") and protected health information ("PHI") of Defendants' current and former patients. (Doc.

1 at 2).

After Plaintiff Pace filed her action, numerous other Plaintiffs filed separate individual and class actions in both federal and state court, asserting causes of action arising out of the same data breach. (Doc. 8). On January 9, 2025, the separate Plaintiffs of the then-commenced actions and Defendant stipulated to consolidate the cases. (Doc. 9). On January 15, 2025, the Court granted the stipulated request and consolidated all cases against Defendant arising from the data breach, with the instant action as the lead case, and with all further filings in the consolidated action to be made in the lead case. (Doc. 12). Numerous other related actions against Defendant arising from the data breach and commenced following entry of the Court's consolidation order also have been consolidate with this lead case.

Plaintiffs filed their motion for appointment of interim counsel on January 22, 2025. (Doc. 15). Defendant did not file any opposition thereto. Plaintiffs filed a reply on February 12, 2025, noting the lack of opposition. (Doc. 21). Thereafter, the motion was referred to the undersigned by the assigned district judge for appropriate disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302. (Doc. 27).

**II.     Discussion**

    *a.  Legal Standard*

Rule 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In determining whether to appoint class counsel, the Court considers the following factors outlined in Rule 23(g)(1)(A): (i) "the work counsel has done in identifying or investigating potential claims in the action;" (ii) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (iii) "counsel's knowledge of the applicable law;" and (iv) "the resources that counsel will commit to representing the class." *Levitte v. Google, Inc.*, No. C 08–03369 JW, 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009). The Court may further consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Designating interim class counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding

2

1  to motions, conducting any necessary discovery, moving for class certification, and negotiating
2  settlement.'" *Smith v. Kaye-Smith Enters., Inc.*, No. 3:22-cv-01499-AR, 2023 WL 11959471, at
3  *2 (D. Or. Jan. 6, 2023) (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)).

   ### *b. Analysis*

   The undersigned has reviewed Plaintiffs' motion for appointment of interim class counsel and supporting documentation, including the declarations by Plaintiffs' two attorneys (*see* Doc. 15-1 ("Polk Decl.") and Doc. 15-5 ("Berry Decl.")), and finds that designation of Adam E. Polk of Girard Sharp, LLP, and M. Anderson Berry of the Arnold Law Firm, APC (collectively, "proposed counsel") as interim class counsel in this case is appropriate.

   Rule 23 (g)(1) sets forth the factors for the Court's consideration in determining whether to appoint counsel. Turning to the first factor, the undersigned finds that proposed counsel has done significant work identifying and investigating the claims at issue here. *See*, *e.g.*, *Razo v. AT&T Mobility Serv., LLC*, No. 1:20-cv-00172-NONE-HBK, 2021 WL 4847834, at *6 (E.D. Cal. Oct. 15, 2021).

   This case was initiated in this Court over four months ago and since then proposed counsel has actively engaged in the following: investigation of the facts surrounding the data breach, interviewing numerous consumers harmed by the data breach, researching legal claims, drafting initial pleadings, serving as interface between counsel for all Plaintiffs and Defendant, and briefing Plaintiffs' coordinated motion to remand. (Polk Decl., ¶ 7; Berry Decl., ¶ 2; Doc. 15 at 10). Proposed counsel will seek entry of a protocol governing time and expenses in this action. (Polk Decl., Ex. 2; Doc. 15 at 10).

   As for the next two interrelated factors, namely counsel's experience and knowledge, it is undisputed that proposed counsel have experience handling class actions, other complex litigation, and most importantly, the types of claims asserted in this litigation. (*See* Polk Decl., Ex. 3; Berry Decl., ¶¶ 3-7; Doc. 15 at 11-15). The declarations also evidence that counsel are knowledgeable of the law applicable to this case. *See*, *e.g.*, *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014) ("Given counsel's experience litigating not only high-stakes class actions, but also actions concerning allegations

3

1 very similar to those before the Court here, [c]ounsel has also demonstrated the requisite
2 knowledge of the applicable law.").

3       As an example, Mr. Polk and his firm serve or have served as co-lead counsel on
4 numerous data breach class actions in the district courts of the Ninth Circuit, including cases
5 concerning large data breaches from the federal government, healthcare organizations,
6 universities, and entertainment companies.  (Polk Decl., Ex. 3; Doc. 15 at 11-13).  Mr. Berry
7 previously worked as an Assistant United States Attorney in the Eastern District, in the
8 Affirmative Civil Enforcement unit, handling a wide variety of complex cases and, at his current
9 firm, has handled more than 100 class action cases across the country involving data breaches and
10 other privacy matters.  (Berry Decl., ¶¶ 3-7, Ex. 1; Doc. 15 at 13-15).

11       Lastly, the record demonstrates that Girard Sharp, LLP, and the Arnold Law Firm, APC,
12 both are well-established and well-regarded firms that have demonstrated their capacity to handle
13 the particulars of this litigation and can commit the requisite resources to doing so.  *See* (Polk
14 Decl., Ex. 3; Berry Decl., Ex. 1; Doc. 15 at 15).  Counsel have invested substantial time and
15 resources gathering evidence and litigating on behalf of their clients and the work already
16 completed by these two firms will likely allow them to efficiently litigate this action throughout
17 the remainder of the proceedings.  *See*, *e.g.*, *Boone v. Amazon.com Servs., LLC*, No. 1:21-cv-
18 00241-ADA-BAM, 2023 WL 3720996, at *3 (E.D. Cal. May 30, 2023), report and
19 recommendation adopted, 2023 WL 6929531 (E.D. Cal. Oct. 18, 2023).  Counsel have already
20 worked together on other data breach class actions and are currently doing so in other matters, as
21 well.  Counsel represent that they have a good working relationship, allowing them to facilitate
22 cooperative and efficient litigation of this case, particularly in regards to the challenges of
23 communicating with numerous attorneys.  (Doc. 15 at 15-16).

24       Based on the foregoing, the undersigned recommends that Plaintiffs' motion for
25 appointment of interim class counsel be granted and that Adam E. Polk of Girard Sharp, LLP, and
26 M. Anderson Berry of the Arnold Law Firm, APC, be appointed as interim counsel for the
27 putative class in this case.  *See Haro v. Walmart, Inc.*, No. 1:21-cv-00239-ADA-SKO, 2023 WL
28 2242158, at *3 (E.D. Cal. Feb. 27, 2023) (finding appointment as interim lead counsel was

appropriate given counsel's work on the case, familiarity from work on similar complex class action cases, and having the resources to continue litigating the case).

### III. Conclusion and Recommendation

Accordingly, the undersigned RECOMMENDS that Plaintiffs' unopposed motion to appoint interim class counsel (Doc. 15), namely Adam E. Polk of Girard Sharp, LLP, and M. Anderson Berry of the Arnold Law Firm, APC, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within 14 days after being served with these Findings and Recommendation**, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 27, 2025**

UNITED STATES MAGISTRATE JUDGE