**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLEN PACE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OMNI FAMILY HEALTH, <br><br> Defendant. | Case No.: 1:24-cv-01277-JLT-CDB <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANT PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL, AND APPOINTING INTERIM CLASS COUNSEL <br><br> (Docs. 15, 30) |

Plaintiffs seek to hold Omni Family Health liable for violations of law related to a cyber-attack and data breach that resulted in the disclosure of personally identifiable information and protected health information of Omni Family Health's patients. (*See* Doc. 1 at 2.) Plaintiffs request the appointment of Adam E. Polk of Girard Sharp LLP and M. Anderson Berry of Clayeo C. Arnold, APC as interim class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. (Doc. 15.) Defendant did not oppose the motion.

The magistrate judge found the factors identified under Rule 23(g)(1) weighed in favor of appointment of the proposed interim class counsel. (Doc. 30.) Specifically, the magistrate judge noted the proposed counsel have "done significant work identifying and investigating the claims at issue here." (*Id.* at 3.) The magistrate judge found it was "undisputed that proposed counsel have experience handling class actions, other complex litigation, and most importantly, the types of claims asserted in this litigation." (*Id.*) Likewise, the magistrate judge found "counsel are

knowledgeable of the law applicable to this case." (*Id.*)  Finally, the magistrate judge determined the proposed counsel "have a good working relationship" and "are well-established and well-regarded firms that have demonstrated their capacity to handle the particulars of this litigation and can commit the requisite resources to doing so." (*Id.* at 4.)  Therefore, the magistrate judge recommended the Court grant the motion to appoint interim class counsel. (*Id.* at 5.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days.  (Doc. 30 at 5.)  The Court advised the parties the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-839 (9th Cir. 2014).)  Neither Plaintiffs nor Defendant filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 27, 2025 (Doc. 30) are **ADOPTED** in full.
2. Plaintiffs' motion to appoint interim class counsel (Doc. 15) is **GRANTED**.
3. Adam E. Polk of Girard Sharp, LLP, and M. Anderson Berry of Clayeo C. Arnold, APC, are **APPOINTED** as the Interim Class Counsel.

IT IS SO ORDERED.

Dated:   **March 17, 2025**

UNITED STATES DISTRICT JUDGE

2