UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN PACE, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>OMNI FAMILY HEALTH,<br><br>        Defendant. | Case No. 1:24-cv-01277-JLT-CDB<br><br>ORDER ON CERTAIN PLAINTIFFS' DISMISSAL OF CLAIMS PURSUANT TO RULE 41(a)(1)(A)(i) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 47)<br><br><u>Clerk of the Court to Update Docket</u> |

      On October 20, 2024, Plaintiff Ellen Pace initiated this action with the filing of a putative class action complaint against Defendant Omni Family Health, asserting numerous causes of action arising out of a cyberattack and data breach. (Doc. 1). After Plaintiff Pace filed her action, numerous other Plaintiffs filed separate individual and class actions in both federal and state court, asserting causes of action arising out of the same data breach. (Doc. 8). On January 9, 2025, the separate Plaintiffs of the then-commenced actions and Defendant stipulated to consolidate the cases. (Doc. 9). On January 15, 2025, the Court granted the stipulated request and consolidated all cases against Defendant arising from the data breach, with the instant action as the lead case, and with all further filings in the consolidated action to be made in the lead case. (Doc. 12). Numerous other related actions against Defendant arising from the data breach that were

1  commenced following entry of the Court's consolidation order also have been consolidated with
2  this lead case.  On April 23, 2025, the parties filed a joint notice of settlement.  (Doc. 43).

3  Pending before the Court is the notice of voluntary dismissal, filed on August 4, 2025, by
4  Plaintiffs Jaimee Morland, Nina Wall, Sheila Sweeten, Samantha Abraham, Marcos Montoya,
5  Salbador Cortez Magana, Gober Villatoro Guerra, Alfred Aguirre, Lateisa White, and Brandon
6  Cubit.  (Doc. 47).  The notice of dismissal is signed by counsel for the named parties and otherwise
7  comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiffs are entitled to
8  dismiss their individual claims (at least) without a court order.  In a class action, however, court
9  approval of dismissal may be required under Rule 41(a)(2) if the class has been certified.
10 Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2)
11 "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed,
12 or compromised only with the court's approval."  Fed. R. Civ. P. 23(e) (emphasis added).

13  In this case, the named Plaintiffs seek to dismiss their individual claims without prejudice
14 and without affecting the claims of the putative class or any other Plaintiffs.  (Doc. 47).  No class
15 has been certified in this action nor is there a class proposed to be certified for purposes of
16 settlement.  (*See* Docs. 1, 43, 46).  Because no class has been certified in this case, and because any
17 dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate
18 either Court approval of the parties' settlement or notice to putative class members.  *See Titus v.*
19 *BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified,
20 Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no
21 other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-*
22 *Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924
23 (9th Cir. 2007)).

24  In light of Plaintiffs' filing, the Court finds that Rule 23(e) does not require the Court's
25 approval of the dismissal.  Additionally, Defendant has filed neither an answer nor motion for
26 summary judgment.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  Thus, the individual and class claims of
27 Plaintiffs Jaimee Morland, Nina Wall, Sheila Sweeten, Samantha Abraham, Marcos Montoya,
28 Salbador Cortez Magana, Gober Villatoro Guerra, Alfred Aguirre, Lateisa White, and Brandon

Cubit are dismissed without prejudice by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is DIRECTED to adjust the docket to reflect termination of Plaintiffs Jaimee Morland, Nina Wall, Sheila Sweeten, Samantha Abraham, Marcos Montoya, Salbador Cortez Magana, Gober Villatoro Guerra, Alfred Aguirre, Lateisa White, and Brandon Cubit pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

IT IS SO ORDERED.

Dated:   **August 5, 2025**

UNITED STATES MAGISTRATE JUDGE