UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN PACE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI FAMILY HEALTH,<br><br>Defendant. | Case No. 1:24-cv-01277-JLT-CDB<br><br>ORDER DIRECTING THE PARTIES TO SHOW CAUSE WHY LOCAL RULE 202 DOES NOT REQUIRE THE COURT'S APPROVAL OF SETTLEMENT OF MINORS' CLAIMS<br><br>(Doc. 52)<br><br>**14-Day Deadline** |

**Background**

On October 20, 2024, Plaintiff Ellen Pace initiated this action with the filing of a putative class action complaint against Defendant Omni Family Health, asserting numerous causes of action arising out of a cyberattack and data breach. (Doc. 1).

After Plaintiff Pace filed her action, numerous other Plaintiffs filed separate individual and class actions in both federal and state court, asserting causes of action arising out of the same data breach. (Doc. 8). On January 9, 2025, the separate Plaintiffs of the then-commenced actions and Defendant stipulated to consolidate the cases. (Doc. 9). On January 15, 2025, the Court granted the stipulated request and consolidated all cases against Defendant arising from the data breach, with the instant action as the lead case, and with all further filings in the consolidated action to be made in the lead case. (Doc. 12). Numerous other related actions against Defendant arising from

the same data breach were commenced following entry of the Court's consolidation order; these actions also have been consolidated with this lead case.

On April 23, 2025, the parties filed a joint notice of settlement. (Doc. 43). On June 5, 2025, the parties filed a stipulated request to stay proceedings pending the anticipated final approval of their settlement agreement in state court, stating therein that, as the Court had not yet ruled on Plaintiffs' motion to remand and Defendant's motion to substitute and the parties had not abandoned their motions, they agreed to file a consolidated complaint in state court to avoid any concerns regarding the Court's jurisdiction to approve a settlement. (Doc. 45). The Court granted the parties' stipulated request on June 9, 2025. (Doc. 46).

On August 4, 2025, Plaintiffs Jaimee Morland, Nina Wall, Sheila Sweeten, Samantha Abraham, Marcos Montoya, Salbador Cortez Magana, Gober Villatoro Guerra, Alfred Aguirre, Lateisa White, and Brandon Cubit filed a notice of voluntary dismissal without prejudice. (Doc. 47). The Court dismissed the individual and class claims of said Plaintiffs without prejudice. (Doc. 48). On March 3, 2026, the parties filed a joint status report indicating that, on February 26, 2026, the state court granted final approval of the parties' class action settlement. (Doc. 51).

On June 25, 2026, all remaining Plaintiffs, namely Daniel Aaron, Tammy Billington, Karen Bloom, Brian Cihal, Naomi Gaxiola, Melanie Gray, Nadine Kelley, Angela Miranda, DeRay Mitchell, Ellen Pace, Dawn Ranjel, Amy Robison, Eliza Reid, Lois Snelson, Scott Stevenson, and Corey Sweeten, filed a notice of voluntary dismissal of all claims with prejudice. (Doc. 52).

**Discussion**

A review of the state court docket for *Pace, et al. v. Omni Family Health* (Kern County Superior Court, Case No. BCV25102861) confirms that the state court entered an order granting final approval and judgment on the class action settlement on February 26, 2026.

In the consolidated action of *Mitchell v. Omni Family Health*, filed in this Court with Case No. 1:24-cv-01384-JLT-CDB (hereinafter "*Mitchell*"), Plaintiff DeRay Mitchell represents that he appears individually and on behalf of his minor children J.M. and A.M. *See* (*Mitchell*, Case No. 1:24-cv-01384-JLT-CDB, Doc. 1). It is unclear whether the complaint in that action intends to name J.M. and A.M. as parties to the action; they are not named as such in the "Parties" section of

the complaint. Separately, the cover page indicates that Mitchell brings the action on behalf of both himself and his minor children J.M. and A.M. and the complaint includes factual allegations regarding a purported data breach affecting the minor children. *See id.* However, no application to appoint Mitchell as guardian ad litem for the minor children was filed in the *Mitchell* action prior to its consolidation. The minor children are also named as parties in the state court action approving the class action settlement. *See* (*Pace, et al. v. Omni Family Health*, Kern County Superior Court, Case No. BCV25102861).

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The undersigned acknowledges that district courts "have been split on whether or not to apply *Robidoux* when evaluating the propriety of a settlement of a minor's state law claims." *Fitzgerald v. Papa Murphy's Int'l, LLC*, No. 18-cv-01214-JAM-DB, 2019 WL 6327577, at *2 (E.D. Cal. Nov. 25, 2019). Nonetheless, the Local Rules for this district provide that "[n]o claim by or against a minor … may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b).

Here, the class settlement appears to involve the claims of minor children. *See* (Doc. 43; *Mitchell*, Doc. 1). Thus, the Court will direct the parties to show cause why Local Rule 202 does not operate to require this Court to approve the settlement of the minors' claims.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that, within 14 days of entry of this order, the parties shall show cause in writing why Local Rule 202 does not operate to require this Court to approve the settlement of the minors' claims noted above.

IT IS SO ORDERED.

Dated:   **July 1, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3